Mr. Chief Justice Sharkey
delivered the following dissenting opinion.
The appellees had been employed as attorneys at law by the agent of the appellant, to institute suit on a promissory note due *66 him, against one of the makers. They did so and recovered judgment, but the money was not realized. They prosecuted the claim before the commissioners of insolvency on the estate of another of the makers, and succeeded in obtaining an allowance, which amount so allowed is still due from the administrator on the insolvent estate, to the appellant. The appellant is a non-resident, and the complainants now seek, by bill and attachment in chancery, to subject the money in the hands of the administrator of the insolvent estate to the payment of their claim, and have made the administrator a party.
This remedy was adopted under a statutory provision found in H. & H. Dig. 620, sec. 63; and it is now objected that the statute does not authorize such a proceeding, and that the decree in favor of complainants is therefore erroneous. The statute provides that, in any suit which had been, or might thereafter be commenced for relief in equity in the superior court of chancery, against a defendant or defendants out of the state, and others within the same, having effects of, or being otherwise indebted to, such absent defendant, or against an absent defendant having lands within the state, if the appearance of such absentees be not entered, and security given for the performance of the decree; then, upon affidavit of the absence of such defendant, the court may make an order, if it shall appear necessary, to restrain the defendant within the state from paying the debt, or disposing of the property in his hands, and for that purpose may order the debt to be paid, or the property to be delivered to the plaintiff upon his giving security for its. re turn as the court shall direct. Now we are to inquire, what right is conferred by this statute? what does it authorize the court to do ? To hold property in the state, in the hands of a resident of the state, subject to the decree to be made. This is the substance, the object of the enactment. In what kind of case, or under what state of things, is this authority given? The statute answers the question. It is given in a suit in equity, instituted before or after the passage of the statute. Then the matter must be cognizable in equity, independently of this right, either because the subject-matter is proper for the jurisdiction of a court of chancery, or because *67 there is no adequate remedy at law. Trotter v. White, 10 S. & M. 607. This statutory power or right is ancillary to the main right. This is obvious, since the court can only grant the attachment, or restraining process, in case the absent defendant shall fail to enter his appearance and give security to perform the decree. If he should appear and give the security, the restraining process cannot issue. But it is also manifest from the language of the statute in another particular; it confers the power in suits that had been instituted in chancery for relief, before its passage. It is clear from this that the legislature had in view cases of equity jurisdiction; for we cannot suppose that the legislature was attempting to give jurisdiction to that court in cases previously commenced, by extending its power, when without the act it would not have had jurisdiction. Two things are necessary then to the exercise of this power; first, there must be a suit in chancery against a non-resident, on the merits of which that court has jurisdiction; and second, the defendant must fail to appear and give security, to which indeed may be added a third; there must be an affidavit that the defendant is out of the state, or that he could not be found to be served with process. There must then be some other circumstances to give a court of chancery jurisdiction, besides the mere fact that a foreign debtor may have property in the hands of a citizen of this state, or a debt due him here. It certainly was not the object of this statute to transfer legal remedies to the jurisdiction of a court of chancery. The statute does not say that any cred-, itor or plaintiff may proceed in chancery to subject the property of his non-resident debtor to the payment of the debt; it only empowers him to do so in cases pending in chancery. This process is only given to insure satisfaction, not to confer jurisdiction.
Now I maintain that the complainants do not present a case coming within the letter or spirit of this statute; in other words, their case is not properly a matter cognizable in equity. And why so ? Because they have a plain and adequate remedy at law, as simple as it is certain, and much shorter; not depending on any thing precarious or doubtful, but an express statutory *68 remedy. And not only so, but it is given them in so many words by the very same statute under which they are pursuing this remedy. They proceed under the first section, instead of the eleventh, which gives the remedy. The complainants aver in their bill that they are citizens of the state of Mississippi; they also aver, that Freeman is a citizen of Louisiana, and that he is indebted to them in a certain sum of money, and that Blake, another citizen of this state, is indebted to him, and they pray that Blake may be decreed to pay them instead of Freeman. The 11th section of the act of 1822, revised code, 161, provides for just such a case. It gives an attachment at law against the non-resident having effects here, with garnishee process against the holder of the effects, or the debtor of the non-resident. The legislature certainly did not intend to reenact in the eleventh section, the provisions of the first section. They had in view two distinct classes of cases; one in which the merits could only be reached in equity; but in the other, the remedy was given at law. The statute has this title : “ An act directing the method of proceeding in courts of equity against absent debtors and other absent defendants, and for regulating the proceedings on attachments against absconding debtors.” Its two-fold object is shown by the title, and it gives, in express words, the same remedy at law against non-resident debtors, that it gives against absconding debtors. Nor can I suppose that it was intended to confer concurrent jurisdiction, since there is nothing to indicate such intention. The legal remedy was made so plain as to render concurrent jurisdiction unnecessary. Now suppose it be contended, that the mere fact of indebtedness by a non-resident to a citizen, will give a court of chancery jurisdiction, because it can reach the effects of the debtor in the state by this statutory process; such a construction of the act would render the 11th section a dead letter; the legislature were engaged in a useless thing. But what is the further consequence? If jurisdiction is to be assumed originally, because, on a certain contingency, this process may be granted, suppose the contingency should not happen; suppose the defendant should appear; then there is an end of the *69 jurisdiction, because, in that case, the power is at an end. The result is, that the court would have jurisdiction if the defendant did not appear, but no jurisdiction if he did appear. When he appears, the home defendant ceases to be a party. Let us suppose a proceeding of this sort instituted on the bond or promissory note of an absent debtor, whose resident debtor is also made party. If the absent debtor should appear, it is then simply a suit between him and the holder of the bond or note; the home defendant must be dropped, no further proceedings can be had against him. Now it seems to me to be a clear proposition that chancery would have no jurisdiction in such a case, because non-residents, who are indebted to our citizens on liabilities purely legal, are suable at law by process of attachment, which is but process to force appearance.
But it is said the question presented in this case is settled by the decision in Comstock v. Rayford. I do not object to that decision; on the contrary, I think it was right. But the two cases are not alike; a material difference is entirely overlooked. The complainants in that case were non-residents, and their debtor’ was a non-resident. The property sought to be subjected had been removed to this state from Alabama, and placed in the hands of a citizen, to avoid the debt. Was there a remedy at law? None whatever. The complainants could not sue by attachment; that right is expressly confined to our own citizens. They could not sue by the ordinary process of capias ad respon-dendum ; the defendant was a non-resident, and had no domicil here. Such process could not have been served, as service must be made on the person at his residence, or at his last place of residence. An appearance could not have been forced by judicial attachment, for that seems to be a remedy only in cases where the defendant has removed, or evades the service of process. The complainants then-had no remedy at law, and on this ground the jurisdiction of the chancery court was correctly sustained. But this case settles another important point; which is, that the attachment can only issue at the return term of the court, at which time it will^be issued if the necessary affidavit be made. This seems to prove that this process is not the foun *70 dation of jurisdiction: that it can only issue in cases where the court has rightful jurisdiction without the exercise of this power. If this be so, let us try the present case. The complainants hare a purely legal demand against a non-resident; they have also a legal remedy. Can equity assume jurisdiction merely because there happens to be a home debtor to the non-resident'? If this be so, suppose the home defendant should choose to pay the debt, even after process served, that would of course defeat the jurisdiction. It becomes, then, a controversy between the complainants and the non-resident. And what is to prevent such payment? There is no restraining process, and it is no contempt to do that which one is not prohibited from doing.
The case of Zecharie & Kerr v. Bowers, 3 S. & M. 641, has also been relied on. Both complainants and defendants were non-residents, the debtor having lands in this state. There was no remedy at law. The statute expressly gives the remedy in such cases.
I am therefore of opinion that the court of chancery had not jurisdiction in this suit, and that the decree should be reversed.